# MEMO ENDORSED

**HODGES WALSH & BURKE, LLP**
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601

(914) 385-6000
FAX (914) 385-6060
www.hwb-lawfirm.com

April 29, 2020

VIA ECF

The Honorable Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *United States v. Jamal Stephenson, 19 CR 562 (KMK)*

Dear Judge Karas:

    I am counsel for Jamal Stephenson in the above-referenced matter. Mr. Stephenson is scheduled to plead guilty Friday May 1, 2020 before United States Magistrate Judge Judith McCarthy.

    My client wishes to proceed remotely with the change of plea proceeding before Judge McCarthy. Accordingly, I request that you Honor make a finding that: "plea in this case cannot be further delayed without serious harm to the interests of justice." This finding is appropriate from Mr. Stephenson's prospective as he has been incarcerated at Westchester County Jail since his arrest on December 4, 2019.

    The Westchester County Jail has had a number of positive cases of COVID-19 among both inmates and staff.[1] The longer Mr. Stephenson remains incarcerated among the hundreds of inmates at

---

[1] According to an email from Assistant United States Attorney Perry Carbone to Judge Seibel on April 17, 2020, the number of COVID-19 cases at Westchester County Jail are as follows:

Total Inmates and Staff Tested: 335
Inmates positive: 44
Inmates negative 6
Inmates awaiting results: 4

the jail in the densely populated environment where social distancing is not possible coupled with the high rate of infection among staff and inmates dramatically increases his likelihood of infection. A delay in the change of the plea proceeding would cause serious harm to the interests of justice and potentially to Mr. Stephenson's health.

Mr. Stephenson would be pleading guilty to one count under 21 U.S.C. § 841(b)(1)(C) which does not require a mandatory minimum sentence. At sentencing, given Mr. Stephenson's history and characteristics, I will be seeking a downward variance to a time served sentence. I expect the government to request a guideline sentence in accordance with the plea agreement of 46 to 57 months range stipulated in the plea agreement.

To avoid prejudicial delay in these proceedings during this deadly pandemic, I request that that Your Honor find that both conditions of the CARES Act have been met: (1) that the Chief Judge of this district has specifically found…that felony pleas under Fed. R. Crim. P. cannot be conducted in person without seriously jeopardizing public health and safety; and (2) that in this particular case, Your Honor finds that the case cannot be further delayed without serious harm to the interests of justice and thus the plea in this case may be conducted by video conference, or telephone conference is not reasonably available.

I have conferred with AUSA David Felton and the Government takes no position on this application.

Thank you for your consideration.

The application is granted. Without pre-judging the sentence to be imposed in this case, the Court accepts Mr. Burke's argument that delaying the plea might prejudice Mr. Stephenson's ability to minimize his time in prison. Therefore, the Court finds that the case should not be further delayed because it might cause serious harm to the interests of justice and therefore grants Mr. Stephenson's request to go forward with his guilty plea by way of video conference, and if that is not available, by way of telephone conference.

So Ordered.

Very truly yours,

Michael K. Burke

Cc: AUSA David Felton by ECF and email.

4/29/20

---

Staff Positive: 128
Staff Negative: 128
Staff Awaiting Results: 25

2